UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-107-GWU

RODNEY JONES, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Rodney Jones brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-107  Jones

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

07-107 Jones

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 36 year-old former brush cleaner, garbage collector, paving machine operator, construction worker and yard worker with a high school education, suffered from impairments related to being status post amputation of the right fifth finger at the MCP joint, diminished visual acuity in the left eye, neck pain (being status post degenerative changes and fracture at T1 and C7), a depressive disorder, an anxiety disorder, and polysubstance abuse (in remission). (Tr. 13-14, 16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Bill Ellis included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds and balance; (2) an inability to more than occasionally kneel, crouch or crawl; (3) a need to avoid exposure to hazardous machinery; (4) an inability to ever perform gross manipulation with the right hand; (5) a "seriously limited but not precluded" ability to relate to co-workers, the public and supervisors; and (6) a "limited but satisfactory" ability to handle stress, maintain attention and concentration and understand, remember and carry out simple tasks.  (Tr. 404).  In response, Ellis identified a significant number of jobs in the national economy which could still be performed.  (Tr. 404-405).  Therefore, assuming that the vocational factors considered by Ellis fairly depicted Jones's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. Jules Barefoot examined Jones and opined that his ability to perform "significantly" strenuous activities as well as activities involving his right hand would be "moderately" impaired.  (Tr. 249).  Dr.

Barefoot also indicated impairment with repetitive bending, lifting, crawling, and climbing as well as a reduced ability to grossly manipulate objects. (Id.). The physical factors of the hypothetical question were essentially consistent with this opinion. More severe physical restrictions than those found by the ALJ were not identified by such treating and examining sources as Dr. Robert Hoskins (Tr. 179-206), the staff at the University of Kentucky Medical Center (Tr. 213-245), and Dr. Samuel Kreis (Tr. 280-288). Dr. Timothy Gregg (Tr. 308) and Dr. James Ramsey (Tr. 309), the non-examining medical reviewers, also did not report the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

     Dr. P. Patel also examined Jones, reviewed some prior records (Tr. 316) and identified the existence of extremely severe physical restrictions which would restrict the plaintiff to less than a full range of sedentary level work (Tr. 318-320). However, the ALJ noted that the physician's opinion was not supported by objective clinical data. (Tr. 18). The undersigned agrees that Dr. Patel's physical findings were quite modest. Weakness was reported in the right deltoid and in the right shoulder with movement. (Tr. 315). Grip strength was decreased. (Id.). Sensation was decreased in the upper right extremity. (Tr. 316). Gait and station were unremarkable. (Id.). The doctor conceded that he was a one-time examiner, and

07-107 Jones

his opinion was not entitled to the weight given a treating source. (Tr. 317). Therefore, the ALJ had good reason to reject Dr. Patel's physical restrictions.

The ALJ also dealt properly with the evidence relating to Jones's mental condition. The plaintiff sought treatment for his mental problems at the Cumberland River Comprehensive Care Center (Cumberland River). The claimant was diagnosed as suffering from an anxiety disorder, a depressive disorder and nicotine dependence. (Tr. 343). His Global Assessment of Functioning (GAF) was rated at 55. (Id.). Such a GAF suggests the existence of "moderate " psychological symptoms compatible with the ALJ's findings according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. Jones's ability to perform daily living/personal care activities was rated as "moderately low." (Tr. 355). No impairments was indicated in such areas as societal/role functioning, interpersonal functioning, and cognitive/intellectual functioning. (Id.). The ALJ's findings were consistent with these restrictions.

Psychologist Crystal Sahner examined Jones and diagnosed a brief psychotic disorder in remission and an adjustment disorder with depressed mood.[1] (Tr. 258). The plaintiff's GAF was also rated at 55 as at Cumberland River, the treating source. (Id.). Sahner indicated that the claimant would have a "marked"

---

[1] The plaintiff was briefly hospitalized in March, 2005 due to a psychotic episode, which was likely to have been related to substance abuse and which "resolved by all clinical measure(s) available" by the time of discharge. (Tr. 214).

10

07-107  Jones

limitation of ability to interact with others and would be restricted to low stress environments. (Tr. 259). The hypothetical factors were essentially consistent with these restrictions.

The record was reviewed by Psychologists Stephen Scher and Edward Stodola. Each reviewer opined that Jones would be "moderately" limited in understanding, remembering and carrying out detailed instructions, interacting appropriately with the general public, responding appropriately to changes in the work setting, and traveling in unfamiliar places or using public transportation. (Tr. 261-262, 289-290). The mental factors of the hypothetical question were arguably consistent with these somewhat differently worded but not necessarily disabling mental limitations.

The aforementioned Dr. Patel also addressed Jones's mental condition diagnosing depression with features of a depressive disorder and a history of polysubstance abuse. (Tr. 316). The plaintiff's GAF was rated at 25, suggesting an inability to function in almost all areas. (Id.). The examiner also reported the existence of extremely severe mental limitations on a Medical Source Statement. (Tr. 322-323). Dr. Patel's opinion with regard to the claimant's mental condition is outweighed and offset by those of the treating staff at Cumberland River and Sahner. Therefore, this opinion was not binding on the ALJ.

07-107  Jones

Jones argues that the ALJ erred by failing to cite specific reasons supporting the administrative finding that the plaintiff was not totally credible. However, the ALJ did cite a number of reasons in support of his decision, including the lack of objective medical evidence in supporting disabling restrictions from such treating and examining sources as the staff at Cumberland River, Sahner, Dr. Barefoot, the University of Kentucky Medical Center and Dr. Kreis. (Tr. 15-17). Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of February, 2008.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**